IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAWRENCE FAUNTLEROY, DeKalb County No. X1903906,<br>　　Plaintiff,<br>　　　　v.<br>MELODY M. MADDOX,<br>　　Defendant. | Civil Action No.<br>1:21-cv-05271-SDG |

**OPINION AND ORDER**

This matter is before the Court for consideration of the March 23, 2022 Final Report and Recommendation (R&R) of United States Magistrate Judge J. Clay Fuller [ECF 3]. Plaintiff Lawrence Fauntleroy is a detainee in the DeKalb County, Georgia jail.[1] As he has done numerous times in the past, Fauntleroy seeks to proceed *in forma pauperis* (IFP); he asserts a claim under Section 1983 and asks for "habeas" relief.[2] The R&R recommends that this action be dismissed under 28 U.S.C. § 1915(g) because Fauntleroy is subject to that statute's "three strikes" provision and he is not in imminent danger of serious physical injury.[3] On April 13, Fauntleroy objected to the R&R.[4] For the following reasons, Fauntleroy's

---

[1] ECF 1, at 2, 3.

[2] *Id.* at 1, 4.

[3] *See generally* ECF 3.

[4] ECF 5.

objections are **OVERRULED** and the R&R is **ADOPTED** as the Order of this Court.

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). "Frivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [governing IFP proceedings] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Fauntleroy fails to contend that he is not subject to the restrictions of this provision. Rather, he objects to the R&R by asserting that he meets the imminent danger

exception: He was injured in a car accident prior to his arrest, which rendered him disabled, and has not been treated for those injuries during his confinement. Fauntleroy contends he was provided medication by the jail's medical staff for ten months until his "kidneys started to hurt," his "chest cavity was in severe pain," and he "couldn't get up."[5] Fauntleroy alleges he was taken off the medication, but says that he was "never checked out" and is still not being treated for his undescribed injuries.[6]

These sparce descriptions are insufficient to satisfy the imminent danger exception, which requires "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Fauntleroy does not identify the nature of his disability or injuries, nor does he explain what harm or symptoms he is currently suffering as a result of the alleged lack of medical treatment. He has not pointed to any harm he is likely to suffer if he does not obtain relief. Put simply, there are no facts alleged in the Complaint or stated in the objections that demonstrate Fauntleroy has an ongoing serious injury or is imminently likely to suffer one. *Compare id.* (finding allegations of "a total withdrawal of treatment for"

---

[5]   *Id.*

[6]   *Id.*

HIV and hepatitis, that caused the plaintiff to suffer "from severe ongoing complications, [to be] more susceptible to various illnesses, and [that would cause] his condition [to] rapidly deteriorate" were sufficient to meet the imminent danger exception).

Fauntleroy also objects to the R&R because he filed a civil action against the magistrate judge, ergo (according to Fauntleroy) that the judge should not be permitted to preside over his cases.[7] However, that civil action did not allege any facts about the magistrate judge's conduct and it was dismissed by this Court.[8] The rest of Fauntleroy's current objection focuses on the underlying claims in his Complaint,[9] and are of the frivolous, conclusive, and general type the Court need not consider. *Schultz*, 565 F.3d at 1361.

Fauntleroy has pointed to no legal or factual error in the R&R. Because the Court finds no clear error on the face of the record, Fauntleroy's objections are

---

[7] ECF 5, at 1.

[8] Civ. A. No. 22-cv-00208-SDG (N.D. Ga.), ECF 7. Nearly two months after dismissal of that case, Fauntleroy filed on the docket a complaint of judicial misconduct against the magistrate judge that seems to take issue with the judge's recommendations that various cases filed by Fauntleroy be dismissed as frivolous. *Id.* ECF 10. "Adverse orders do not themselves evidence bias." *Strickland v. Chase Bank USA Nat. Ass'n*, No. 1:08CV-3270-WSD, 2010 WL 298798, at *3 (N.D. Ga. Jan. 19, 2010) (citing *Byrne v. Nezhat,* 261 F.3d 1075, 1102–03 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.")).

[9] ECF 5.

**OVERRULED**. Even on a *de novo* review, Fauntleroy would not be entitled to proceed IFP in this action because he has at least three strikes under 28 U.S.C. § 1915(g) and he has not established that he is in imminent danger of serious physical injury. If Fauntleroy wishes to proceed with his current claims or any others, he must submit the filing fee with his Complaint or establish that he is in imminent danger of serious physical injury.

The R&R is **ADOPTED** as the Order of this Court, and the Clerk of Court is **DIRECTED** to **DISMISS** this case **WITHOUT PREJUDICE**.

**SO ORDERED** this 23rd day of May, 2022.

Steven D. Grimberg
United States District Court Judge